IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL D. RODGERS, SR.,<br>In the Interest of Michael D. Rogers,<br>Jr., a Minor Child<br><br>　　　　　Plaintiff,<br><br>VS.<br><br>DALLAS INDEPENDENT SCHOOL<br>DISTRICT, ET AL.<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 3-07-CV-0386-P |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Michael D. Rodgers, Sr., on behalf of his minor son, Michael D. Rodgers, Jr., against the Dallas Independent School District ("DISD") and various DISD board members and employees. On March 1, 2007, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Plaintiff amended his complaint on April 27, 2007. The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

In his complaint and amended complaint, plaintiff, who is African-American, describes four different encounters with the staff at Mark Twain Elementary School that allegedly violated his constitutional rights and those of his minor son, Michael D. Rodgers, Jr. The first incident occurred on November 13, 2006, when Isaiah Thomas, a teacher, allegedly grabbed young Michael, who suffers from dyslexia, and shoved him into a desk. Thomas accused Michael of "dancing nasty" and told him, "Your Daddy can't do anything and I'm going to write up a referral." (Plf. Am. Compl. at 2). As a result of this physical and verbal abuse, Michael broke his eye glasses "out of frustration." (*Id.*). Plaintiff reported this incident to the school principal, Clifford Greer, but no action was taken against Thomas.

Some months later, plaintiff sought to enroll his son in one of the DISD Vanguard Academies or the Arts Magnet School. Michael did not qualify for admission to either program because of his test scores, but allegedly was promised a Hardship Transfer. To date, Michael has not been admitted to any of the Vanguard Academies or the Arts Magnet School. Plaintiff believes that "the whole process was discrimination against my son, the Board of Trustees should be held accountable; therefore, this complaint is my only recourse." (*Id.* at 4).

On March 27, 2007, after this lawsuit was filed, plaintiff attended a parent-teacher conference at Mark Twain Elementary School. Also present were Greer and several faculty members. At the conference, a heated discussion ensued between plaintiff and Greer over whether certain papers were sent home with Michael. Since that encounter, plaintiff contends that Greer "shies away from me, and doesn't say anything." (*Id.*). As with his prior conflicts with school officials, plaintiff blames his treatment on discrimination.

Finally, on April 18, 2007, plaintiff accompanied his son to school on the morning of his TAKS test. When ordered off the premises by three staff members, plaintiff complained that "they hadn't stopped the other parents going down the hallway; you're letting all these other people go down the hall, this is discrimination[.]" (*Id.* at 5). As plaintiff was leaving the school, a teacher told Greer that plaintiff had hit her. Subsequent investigation by school officials revealed that no assault occurred. However, plaintiff has not received any written assurances that the teacher would be disciplined or that he would not be arrested for assault. Plaintiff alleges that "every day, now, when I take my children to school, or pick them up from school, my mind is unsettled because of what I have been falsely accused of doing, which is frustrating[.]" (*Id.* at 7). By this suit, plaintiff seeks $7 million in damages for mental anguish in the form of "[p]ain and suffering, [e]motional distress, [f]ear, anxiety & insomnia." (*Id.* at 7-8).

### A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232,

81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff cannot sue on behalf of his minor son. Although a litigant has the right to proceed in federal court as his or her own counsel, *see* 28 U.S.C. § 1654, individuals who do not have a law license may not represent other parties even on a next friend basis. *See Martin v. Revere Smelting & Refining Corp.*, No. 3-03-CV-2589-D, 2004 WL 852354 at *1 (N.D. Tex. Apr. 16, 2004), citing *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law[.]"). Several courts, including at least one judge in this district, have held that the right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children in legal proceedings. *Id.*; *see also Collinsgru v. Palmyra Bd. of Education*, 161 F.3d 225, 227 (3d Cir. 1998); *Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997); *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). In light of this clear precedent, all claims brought by plaintiff on behalf of his son should be dismissed without prejudice for lack of standing.

C.

To the extent plaintiff alleges that DISD officials have failed to investigate his complaints against Isaiah Thomas and the teacher who falsely accused him of assault, such claims are without an arguable basis in law. There is no federal constitutional right to have someone investigated or

prosecuted for alleged wrongdoing. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990); *Amir-Sharif v. District Attorney's Office*, No. 3-06-CV-2277-B, 2007 WL 530231 at *2 (N.D. Tex. Feb. 21, 2007); *Althouse v. Hill*, No. 3-02-CV-1263-D, 2002 WL 1750794 at *2 (N.D. Tex. Jul. 25, 2002). Nor can plaintiff sue DISD for ordering him off school property. As this court stated in a prior case brought by plaintiff against the Duncanville Independent School District:

> [N]o court has ever interpreted the due process clause to create a parental right of unfettered access to school facilities. To the contrary, courts have consistently upheld the authority of school officials to control activities on school property. This includes barring third parties, including parents, from access to the premises when necessary to maintain order and prevent disruptions to the educational environment.

*Rodgers v. Duncanville I.S.D.*, No. 3-04-CV-0365-D, 2005 WL 770712 at *2 (N.D. Tex. Apr. 5, 2005), *rec. adopted*, 2005 WL 991287 (N.D. Tex. Apr. 25, 2005), *citing Lovern v. Edwards*, 190 F.3d 648, 655-56 (4th Cir. 1999) (rejecting claim that school administrators must provide parents with "boundless access" to school property); *Van Deelen v. Shawnee Mission Unified School Dist. #512*, 316 F.Supp.2d 1052, 1057 (D. Kan. 2004) (finding no constitutional right of parent to enter school); *Ryans v. Gresham*, 6 F.Supp.2d 595, 601 (E.D. Tex. 1998) (same). These claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

### III.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to

sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *2 (N.D. Tex. May 5, 2003) (Kaplan, J.), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See generally, McCampbell v. KPMG Peat Marwick*, 982 F.Supp. 445, 448-49 (N.D. Tex. 1997) (Kaplan, J.) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system by filing multiple frivolous lawsuits).

Plaintiff is no stranger to the civil justice system. Since 1999, plaintiff has filed 16 different lawsuits in the Northern District of Texas. While the court lacks the time and resources to extensively review each case, a random sampling indicates that the vast majority of these cases were dismissed as frivolous or for failure to state a claim. As a result of this vexatious conduct, plaintiff has been repeatedly warned that future frivolous filings and abusive litigation practices may result in the imposition of sanctions, "including an order prohibiting him from filing any civil actions without prior authorization from a district judge or magistrate judge." *Rodgers v. Duncanville I.S.D.*, No. 3-04-CV-0365-D, or. at 2 (N.D. Tex. May 6, 2005). *See also State v. Rodgers*, No. 3-05-CV-0022-H, 2005 WL 464586 at *2 (N.D. Tex. Feb. 28, 2005). When plaintiff ignored those warnings and filed yet another frivolous lawsuit, the court sanctioned him $100.00 and ordered him to pay that sanction before filing any new civil action in federal district court. *Rodgers v. Hickman*, No. 3-05-CV-1825-N, or. at 1 (N.D. Tex. Jul. 21, 2006).

Undeterred by these sanctions and warnings, plaintiff has managed to come up with money to pay the $100.00 sanction before filing this lawsuit against DISD. Most of the claims alleged by plaintiff in his complaint are asserted on behalf of his son, despite being advised by the court in two

prior cases that parents may not represent their children even on a next friend basis. *See Rodgers v. Duncanville I.S.D.*, No. 3-04-CV-2247-D, 2005 WL 955026 at *1 n.1 (N.D. Tex. Apr. 22, 2005), *rec. adopted*, 2005 WL 1201144 (N.D. Tex. May 17, 2005); *Rodgers v. Hickman*, No. 3-05-CV-1825-N, rec. at 1, n.1 (N.D. Tex. Jun. 22, 2006), *rec. adopted* (N.D. Tex. Jul. 21, 2006). This leads the court to conclude that plaintiff was aware his claims lacked merit and had little or no chance of success. The same is true for plaintiff's parental access claim, which was asserted and rejected in an earlier suit brought against the Duncanville School District. *Rodgers,* 2005 WL 770712 at *2. Under these circumstances, additional sanctions are necessary to deter misuse of the judicial system. Accordingly, plaintiff should be sanctioned $500.00 and barred from filing any civil actions in federal district court until this sanction is paid.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). The claims asserted by plaintiff on behalf of Michael D. Rodgers, Jr. should be dismissed without prejudice. Any claims brought by plaintiff in his own behalf should be dismissed with prejudice. In addition, plaintiff should be sanctioned $500.00 and barred from filing any civil actions in federal district court until this sanction is paid.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 1, 2007.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE